FILED

2021 Jul-01  AM 09:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| WILLIE ABNER<br>AIS # 00293277,<br><br>PLAINTIFF,<br><br>v.<br><br>JEFFERSON DUNN, in his Official<br>Capacity as Commissioner of the<br>ALABAMA DEPARTMENT OF<br>CORRECTIONS; CORRECTIONAL<br>OFFICER BRYAN CHAPMAN;<br>CORRECTIONAL OFFICER<br>WILBERT HOWARD,<br>CORRECTIONAL OFFICER<br>CHRISTOPHER MCLAURIN; AND<br>CORRECTIONAL OFFICER<br>ANTWAN KENDRICK,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO.:_____ |

## COMPLAINT

For a complaint against Jefferson Dunn, in his Official Capacity as Commissioner of the Alabama Department of Corrections, Correctional Officer Bryan Chapman, Correctional Officer Wilbert Howard, Correctional Officer Christopher McLaurin, and Correctional Officer Antwan Kendrick, Willie Abner states:

### *PARTIES*

1.    Willie Abner is an adult man over the age of 21.

2.      Correctional Officer Bryan Chapman is an adult male over the age of 21.  It is upon information and belief that Abner alleges that Chapman's first name is Bryan.

3.      Correctional Officer Christopher McLaurin is an adult male over the age of 21.  It is upon information and belief that Abner alleges that McLaurin's first name is Christopher.

4.      Correctional Officer Antwan Kendrick.  It is upon information and belief that Abner alleges that Kendrick's first name is Antwan.

5.      Jefferson Dunn is an adult male over the age of 21.  Dunn is the Commissioner of the Alabama Department of Corrections.

### *JURISDICTION*

6.      Abner brings this action pursuant to the Enforcement Acts, as codified at 42 U.S.C. § 1983.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      Venue in this action is proper in the United States District Court for the Northern District of Alabama, Southern Division, because all of the acts giving rise to this action occurred in such district and division and, upon information and belief, all defendants, except Commissioner Dunn, reside in said district and division.

## *FACTS*

8.    Abner is a prisoner in the custody of the Alabama Department of Corrections.

9.    In July, 2019, Abner was housed at Donaldson Correctional Facility in Jefferson County, Alabama.

10.   While Abner was an inmate at Donaldson Correctional Facility, inmates, working with knowledge if not assistance from correctional officers, would contact his mother and demand money from her.

11.   Callers would threaten to beat or to kill Abner if Abner's mother refused to pay money to the caller's designees.

12.   On many occasions, Abner's mother paid the money demanded by the inmates and correctional officers.

13.   However, after making many such payments, Abner's mother stopped making the payments.

14.   With the permission of Correctional Officer Kendrick, an inmate named Idarius Cole cut off the water in a cell where Abner was housed.

15.   Abner became very ill and nauseated.

16.   Without water, Abner became severely dehydrated and suffered acute kidney insult.

3

17.     Notwithstanding the very grave illness presented by Abner, staff at the correctional facility took no action promptly to ensure that Abner received medical attention.

18.     In particular, and without limitation, Correctional Officer Kendrick knew and observed that Abner was critically ill, but took no action to make sure that Abner received prompt medical attention.

19.     Eventually, a nurse at the facility noticed that Abner was gravely ill and required Abner to be transported to St. Vincent's Hospital in Birmingham, Alabama.

20.     While Abner was at St. Vincent's Hospital, he was restrained by handcuffs and other restraints to his hospital bed.

21.     While Abner was thus restrained, Abner was beaten by Correctional Officer Howard.

22.     While Abner was restrained at St. Vincent's Hospital, Abner was beaten by Correctional Officer McLaurin.

23.     Correctional Officer Chapman beat Abner while Abner was restrained in handcuffs and other restraints as a patient at Saint Vincent's Hospital.  While Abner was thus restrained, Correctional Officer Howard beat Abner.

**COUNT I**
**42 USC § 1993**
**CORRECTIONAL OFFICER CHAPMAN, CORRECTIONAL OFFICER HOWARD, AND CORRECTIONAL OFFICER MCLAURIN**

4

24.     Abner adopts and incorporates by reference Paragraphs 1 through 23 of this Complaint.

25.     There was no reason to beat Abner while he was restrained to the hospital bed in Saint Vincent's Hospital.

26.     By beating Abner while he was restrained to a hospital bed, Correctional Officer Chapman, Correctional Officer Howard, and Correctional Officer McLaurin inflicted cruel and unusual punishment on Abner in violation of the Eighth Amendment to the United States Constitution.

27.     As a result of the unlawful actions of these correctional officers, Abner suffered significant bodily injury, pain, and mental anguish.

## COUNT II
## 42 USC § 1983
## CORRECTIONAL OFFICER KENDRICK

28.     Abner incorporates by reference Paragraphs 1 through 23 of this Complaint.

29.     A correctional officer has a duty to protect inmates in the custody of the facility where the correctional officer serves.

30.     Even though interfering presented no harm to him, Correctional Officer Kendrick refused to interfere when another inmate shut off the water to the cell that housed Abner.

31.     Correctional Officer Kendrick did not interfere with the efforts of the inmate to shut off the water.

32.     As a result of the refusal of Correctional Officer Kendrick to interfere with the inmate who shut off the water, Abner became dehydrated to the point that his kidneys failed.

**Count III**
**42 USC § 1983**
**Jefferson Dunn**

33.     Abner adopts and incorporates by reference paragraphs 1 through 23 of this Complaint.

34.     While persons are incarcerated, their jailers have a responsibility under the Eighth Amendment to protect them from crime and, if they fail to do so, the failure constitutes cruel and unusual punishment.

35.     As reflected in the civil action brought in this Court against the Alabama Department of Corrections pursuant to the Civil Rights of Institutionalized Persons Act, the Alabama Department of Corrections has failed to suppress crimes against inmates such as Abner.

36.     As reported by the New York Times and elsewhere, racketeering in the Alabama Department of Corrections is widespread and sometimes fatal to inmates.

37.     When inmates and their families refuse further to yield to extortion, the inmates are subjected to retaliation. Thus, at present, Abner is housed in lock up because he and his family objected to the racketeering practiced against them. Moreover, Abner is not merely in lockup, but is typically kept without clothing or other basic necessities.

38.     While this retaliation is presently ongoing, it is also capable of repetition but evading review when and if it stops.

39.     Only Dunn has the authority to take the measures that are necessary to stop this racketeering. These measures include not only hiring honest guards, but also disciplining guards who beat inmates without legitimate reason, providing meaningful drug counseling, and protecting inmates who object to illegal activities directed toward inmates or their families.

WHEREFORE, Abner respectfully requests this Court to award him monetary damages against Chapman, Howard, McLaurin, and Kendrick in an amount to be determined by the jury.  Abner requests injunctive relief against Chapman, Howard, McLaurin, Kendrick, and Dunn.   Abner requests costs and attorney's fees as permitted by law.

**Plaintiff demands a trial by struck jury on all counts so triable.**

Respectfully submitted,


/s/ Frank Ozment
Frank Ozment (ASB-7203-N73J)
Frank Ozment Attorney at Law, LLC
217 Country Club Park, Box 501
Birmingham, Alabama 35213
(205) 847-5401
(205) 617-9714
frankozmentlaw@gmail.com
*Attorneys for Plaintiff*