# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **WILLIE ABNER,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | } Case No.: 4:21-CV-897-RDP |
| | } |
| **JEFFERSON DUNN, et al.,** | } |
| | } |
| **Defendants.** | } |

## MEDIATION ORDER

This case is appropriate for mediation pursuant to Section IV.B. of this court's Alternative Dispute Resolution Plan, adopted December 1, 1993 (the "Plan"). The parties are **DIRECTED** to contact chambers of the Honorable Sharon Lovelace Blackburn to schedule the mediation.

**THE COURT AUTHORIZES MEDIATION TO OCCUR BY EITHER VIA TELEPHONE OR VIDEOCONFERENCE, PROVIDED THE MEDIATOR AGREES.**

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. All aspects of mediation are private, confidential and privileged from process and discovery. The process is treated as a compromise negotiation for purposes of the Federal Rules of Evidence and State Rules of Evidence. The mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the dispute, including actions between persons not parties to the mediation process. No subpoenas, citations, writs, discovery paper, or other process **SHALL** be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

Counsel and the parties **SHALL** endeavor in **good faith** to resolve the case through mediation. Each party who is a natural person must be available during the entire mediation. Each

party that is not a natural person must be represented at the mediation by a principal, partner, officer, or official with full authority to negotiate a settlement. If one or more insurance companies are necessary to a settlement of the case, a representative from each insurance company with authority to negotiate a settlement **SHALL** be present in person during the entire mediation.

An Order sending the parties to mediation does not operate as a stay of the proceedings.[1] The mediation **SHALL** be completed **on or before March 1, 2024**.

Within **five (5) days** following mediation, the mediator will report to the court only that a settlement was reached or mediation was conducted and no settlement agreements were reached, whether each party acted in good faith to resolve the matter, and nothing more.

**DONE** and **ORDERED** this January 29, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Although the Northern District of Alabama's ADR Plan provides for a stay of the proceedings during mediation (ADR Plan IV.B.4.), this court does not stay the proceedings for mediation unless extraordinary circumstances exist, and the court enters an order expressly staying the proceedings.